**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Leighton Nelson, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO DISMISS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Internal Revenue, | ) | Case No. 4:05-cv-122 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Commissioner of Internal Revenue's Motion to Dismiss filed on February 6, 2006. The plaintiff, Leighton Nelson, did not file a response to the motion. For the reasons set forth below, the motion is granted.

**I.      BACKGROUND**

On November 29, 2005, the plaintiff, Leighton Nelson, filed a pro se action against the Commissioner of Internal Revenue (hereinafter referred to as the "IRS") in Federal District Court for the District of North Dakota. In the complaint, Nelson seeks judicial review of a tax assessment under 26 U.S.C. § 7429(b) and 26 C.F.R. § 301.7429-3(a). Also on November 29, 2005, Nelson filed a pleading entitled "Motion for Determination of Taxpayer Status" wherein he seeks a judicial determination of his tax obligations.

In lieu of an answer, the IRS filed the present motion to dismiss on February 6, 2006. The IRS seeks dismissal under Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

II.     **LEGAL DISCUSSION**

At the outset, the Court would note that Local Rule 7.1(C) provides that the "failure to file a brief by the adverse party may be deemed an admission that, in the opinion of counsel, the motion is well taken." Nelson has failed to respond to the Government's motion to dismiss. As such, Rule 7.1(C) dictates that such inaction may be deemed an admission that the motion is well-taken and that a dismissal of the case is appropriate.

The IRS seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In such a case, it is well-established that a district court may consider matters outside the pleadings. See Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citing Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990). The plaintiff bears the burden of demonstrating subject matter jurisdiction. See V.S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) (citing Nucor Corp. v. Nebraska Pub. Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989)).

Nelson seeks judicial review under 26 U.S.C. § 7429(b) which permits district courts to review jeopardy assessments or levies made by the IRS after the taxpayer has exhausted his administrative remedies. In doing so, the court is to make a reasonableness determination of the jeopardy assessment or levy in question. See 26 U.S.C. § 7429(b)(3). "The purpose of section 7429 is to provide taxpayers with an expedited review of jeopardy assessments, rather than requiring taxpayers to endure the delays of a tax court proceeding or a district court refund action." Pals v. United States, 867 F.2d 1162, 1163 (8th Cir. 1989).

In the present case, the IRS did not make a jeopardy assessment against Nelson. In 2002, the IRS made an ordinary assessment against Nelson under 26 U.S.C. § 6201. See Declaration of

Kathleen Kelm, ¶¶ 3-4 and IRS's Ex. A.  That assessment was based on the substitute return that the

IRS prepared under 26 U.S.C. § 6020(b) due to Nelson's failure to file a tax return for the 2002 year.

See Declaration of Kathleen Kelm, ¶ 4.  Such an assessment does not qualify for judicial review

under 26 U.S.C. § 7429.

Likewise, the IRS did not make a jeopardy levy on Nelson's property.  On December 5,

2005, the IRS issued Nelson a statutory notice of its intent to levy.  However, the IRS has not

collected as a result of the notice.  See Declaration of Kathleen Kelm, ¶¶ 3 and 5.  In summary, the

Court lacks subject matter jurisdiction over Nelson's claim because the IRS has not made a

qualifying jeopardy assessment or levy under 26 U.S.C. § 7429.[1]  Furthermore, Nelson's failure to

respond in any manner to the IRS's motion is deemed an admission that the motion is well-taken and

that a dismissal of the action is warranted.  See Local Rule 7.1(C).

## III.    CONCLUSION

For the reasons set forth above, the IRS's Motion to Dismiss is **GRANTED**.  (Docket No.

4).

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2006.

Daniel L. Hovland, Chief Judge
United States District Court

---

[1]Nelson appears only to have requested judicial relief under 26 U.S.C. § 7429(b).  However, the IRS also recognizes that this Court would lack jurisdiction over any claim for a tax refund, a damages action under 26 U.S.C. § 7433, or injunctive relief.